## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**CHARLES FRANKLIN**                    **CIVIL ACTION**

**VERSUS**                              **NO. 20-01013-WBV**

**DARRYL VANNOY**                       **SECTION D (1)**

## <u>ORDER</u>

The Court, having considered the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the Objections filed by petitioner, Charles Franklin,[3] hereby overrules Petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts it as its opinion in this matter.

## I.    PETITIONER'S OBJECTIONS

On April 2, 2020, Petitioner Charles Franklin filed a Petition for writ of Habeas Corpus with this Court.[4] On October 29, 2021, the Court ordered Petitioner to supplement the record with exhibits referenced in his Petition, which were not previously provided to the Court.[5] Petitioner responded on November 30, 2021.[6] On January 3, 2022, the Magistrate Judge issued a Report and Recommendation to the

---

[1] R. Doc. 4.
[2] R. Doc. 21.
[3] R. Doc. 22.
[4] R. Doc. 4.
[5] R. Doc. 19.
[6] R. Doc. 20, noting that Petitioner advised that he was not able to provide all of the requested exhibits as some of his legal documents were in storage.

Court, giving Petitioner thirty days to file objections.[7]  Thereafter, on January 10, 2022, the Petitioner timely filed Objections to the Magistrate Judge's Report and Recommendation based upon: (1) the trial court's denial of a challenge for cause during jury selection; (2) ineffective assistance of appellate counsel; and (3) ineffective assistance of trial counsel, the same three errors addressed in Petitioner's direct appeal to the Louisiana Court of Appeal for the First Circuit, as well as the basis for his Petition for habeas relief.[8]

Regarding his objection that the trial court erred in denying his challenge for cause during jury selection, Petitioner argues that the Court erred in not granting the defendant's challenge for cause for a (then) current law clerk to a judge who had recused herself from the trial.[9] Petitioner argues that, "Although Mr. Handgartner gave all of the 'correct' answers during voir dire, he still should have been excused for a number of reasons."[10] Petitioner then argues that the potential juror's employment history would cause him to view the case in a pro-prosecution light and potentially unduly influence the jury. Petitioner also contends that the potential juror should have been excused as "he could not help but realize that except for the grace of God, the victim could have been his child."[11] Additionally, Petitioner relies on state law to

---

[7] R. Doc. 21.

[8] *Compare* R. Doc. 22, Petitioner's Objections, to R. Doc. 4-1, Petition, and specifically, "Issues Presented" on p. 20 of R. Doc. 4-1. Indeed, a review of Petitioner's arguments in his Petition and his objections reveal that they are identical.

[9] The Court discloses that she practiced with the potential juror in the Orleans Parish District Attorney's Office during the 1987-1992 time period and has had limited social interactions with him during the intervening decades. She was not aware of the trial or his participation on the jury panel.

[10] R. Doc. 22 at 6.

[11] *Id.*

assert that prejudice is presumed when a challenge for cause if erroneously denied by the trial court and all of the defendant's peremptory challenges are exhausted.[12]

Regarding Petitioner's objection of ineffective assistance of appellate counsel, Petitioner asserts that his appellate attorney raised only a single claim on direct appeal and was ineffective for not bringing up the denial of the challenge for cause of the potential juror on appeal.

Petitioner's arguments regarding ineffective assistance of trial counsel are threefold: First, he argues that his trial counsel was ineffective for failing to call two subpoenaed witnesses, Crystal Smith and Vincent Williams. Secondly, Petitioner asserts that his trial counsel was ineffective for failing to properly impeach the state's witnesses, particularly fact witness Johnny Perry and New Orleans Police Detective Tim Bender. Finally, Petitioner asserts that his trial counsel was ineffective for failing to move for a mistrial during the State's closing argument.

## II.   ANALYSIS

The Court notes that Petitioner's objections are addressed extensively in the Magistrate Judge's Report and Recommendation, although noted as "claims" rather than objections.[13]   Additionally, Petitioner does not point to any new evidence or testimony in support of his objections that was not provided to the Magistrate Judge. A review of the Magistrate Judge's Report and Recommendation reveals that she had access to, and referenced, the entire state record and trial transcript, as well as the appellate briefs.

---

[12] R. Doc. 22 at 5, citing *State v. Hart*, 96-0697, 691.So. 2d 651 (La. 3/7/97).
[13] *See* R. Doc. 21.

This Court has done the same, conducting a *de novo* review of the entire record in light of Petitioner's objections even though, as noted, the objections are identical to the issues raised in the Petition.[14] As to Petitioner's first objection/ground for relief, Petitioner asserts that the trial judge incorrectly denied his challenge for cause of a potential juror. The record reveals that the potential juror indicated "I don't know anything about this case" and further, when questioned about why the judge he clerked for recused herself, responded, "I don't know anything about it. I didn't even know she recused herself."[15] He further answered that "If I am selected I will follow whatever law the judge gives me."[16] Additionally, the trial court allowed the attorneys to question the potential juror in the judge's chambers as to whether he was aware of the basis of his judge's recusal, namely, that the father of one of the victims was a court employee. During that questioning, the potential juror confirmed that he did not know the victim's father nor was he aware that her father was a court employee and that information would not affect him in any way.[17] Nothing in the record evinces a bias on the part of the potential juror or any other grounds for removal by the granting of a challenge for cause.[18] Further, and as correctly noted by the Magistrate Judge, the U.S. Supreme Court has held:

---

[14] The Court notes that Petitioner included the sentences "The Magistrate's Report and Recommendation is contrary to well established federal law" and "The Magistrate Report and Recommendation is an unreasonable application of established federal law" above each of his objections, but otherwise the "objections" are identical to the claims.
[15] State Record, Volume 13 at 133.
[16] *Id*. at 139.
[17] *Id*. at 165.
[18] La. Code of Cr. Procedure 797:The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law;

> We have long recognized that peremptory challenges are not of constitutional dimensions. They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.[19]

Petitioner does not allege that the jury was not impartial; indeed, he makes no claims as to the bias or partiality of any juror. The only objection by Petitioner is to a *potential* juror who made no prejudicial remarks in the presence of the jury venire and, importantly, was ultimately not seated as a juror in the trial. As such, Petitioner's objection regarding the trial court's failure to grant his challenge for cause is overruled.

Petitioner's next objection/ground for relief is that his appellate attorney was ineffective for raising only one ground on appeal and for failing to include as a ground for appeal the denial of the challenge of cause of the juror. This Court agrees with the Magistrate Judge's analysis. To prove ineffective assistance of counsel under *Strickland v. Washington,*[20] a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[21] A finding of deficient performance requires a showing that "counsel made

---

(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;

(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;

(4) The juror will not accept the law as given to him by the court; or

(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.

[19] *Ross v. Oklahoma*, 487 U.S. 81, 85-86 (1988).

[20] 466 U.S. 668, 684-86 (1984).

[21] *Id.* at 687.

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[22] Further, "The Supreme Court has recognized that one of appellate counsel's core duties is to distinguish weak claims from strong claims and focus the court's attention only on the strong claims on appeal."[23] As noted by the Fifth Circuit, "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."[24] No such showing has been made here. Indeed, for the reasons stated above in ruling on Petitioner's objections regarding the denial of his challenge for cause of the potential juror, the Court is convinced that Petitioner's appellate attorney was correct in concluding that this would have been a weak issue to raise on appeal. As noted herein, the potential juror was not seated and nothing in the record supports any claim that a biased or partial jury was seated in this matter. Petitioner's objection regarding his ineffective assistance of appellate counsel claim is overruled.

Petitioner's final objection/ground for relief is a claim of ineffective assistance of trial counsel. Petitioner claims that his trial counsel was ineffective for failing to call two subpoenaed witnesses, Crystal Smith and Vincent Williams. Secondly, Petitioner asserts that his trial counsel was ineffective for failing to properly impeach the state's witnesses, particularly fact witness Johnny Perry and New Orleans Police Detective Tim Bender. Finally, Petitioner asserts that his trial counsel was ineffective for failing to move for a mistrial during the State's closing argument.

---

[22] *Leal v. Dretke,* 428 F.3d at 548 (quoting *Strickland,* 466 U.S. at 687).
[23] *Diaz v. Quarterman*, 228 F. App'x. 417 (5th Cir. 2007).
[24] *Id.,* quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986).

As detailed above, the controlling standard for an ineffective assistance of counsel claim is set forth in *Strickland v. Washington*.[25] In order to prove ineffective assistance of trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] Petitioner has not provided any evidence whatsoever that the result of the proceeding would have been difference had his trial counsel called Crystal Smith, who he had previously been in a romantic relationship with, to testify. In her Report and Recommendation, the Magistrate Judge conducted a very thorough review of the record in analyzing this claim. Indeed, more than half of the report focuses on the exhaustive analysis of this claim. The Magistrate Judge spent over six pages detailing the trial court's detailed findings issued when it denied Petitioner's post-conviction relief.[27] Those findings are important as the trial judge heard the evidence presented at trial. Petitioner must show that, but for his attorney's failures, the result of the proceeding would have been different. Regarding Petitioner's claim that his trial attorney was ineffective for failing to call Crystal Smith as a witness the trial court noted that "This Court does not believe that Crystal [Smith's] testimony regarding time would have been reliable due to her admission of drinking and smoking pot and her motive to lie for her boyfriend/friend."[28] Further in his detailed analysis denying post-conviction relief, the trial court noted "this Court finds that Ms. Smith's testimony would have been suspect at best and likely not

---

[25] 466 U.S. at 684-86.
[26] *Id.*
[27] R. Doc. 21.
[28] *Id.* at 20.

believable and therefore not beneficial" if called to rebut evidence that the Petitioner left the house with guns on the night of the murders.[29] Petitioner also contends that his trial counsel should have called Ms. Smith to rebut witness Walker's testimony that Petitioner physically abused Ms. Smith.  As noted by the trial court, Ms. Smith's own statement revealed that Petitioner would "like choke me up" and that they would "whoop on each other and stuff."[30] Petitioner also claims that Ms. Smith, if called to testify, would have highlighted that witness Walker was threatened by law enforcement into testifying, thus presumably casting doubt on Walker's trial testimony. Petitioner fails to note that Ms. Walker confirmed that "the police threatened to take [her] daughter from her,"[31] and that "the police threatened to charge [her] and Crystal with accessory after the fact for the murders across the street."[32] Thus, this Court agrees with the trial court's determination that Ms. Smith's testimony in this regard would not have added anything not already before the jury. As noted by the Magistrate Judge, habeas standards of review oblige federal judges to respect credibility determinations made by the state court trier of fact.[33]

Petitioner next claims/objects that trial counsel was ineffective for failing to call Vincent Williams as a witness during the trial. Defendant asserts that his attorney interviewed Mr. Williams  on January 30, 2013, over three years from the date of the murders.[34] Petitioner claims that Mr. Williams would have testified that

---

[29] *Id*. at 21.
[30] *Id.*
[31] State Record, Volume 10 at 214.
[32] *Id.*
[33] R. Doc. 19 at 24.
[34] R. Doc. 22 at 16.

he saw Petitioner around 8:00 pm on the evening of the murders and further, that four guys, all dressed in black, advised him to get off the block as something was going to go down.[35] The evidence and testimony introduced at trial revealed that the murders occurred around midnight. Thus, this Court finds no merit in Petitioner's argument that trial counsel's performance was ineffective for failing to call Mr. Williams to testify. Further, and importantly, the Court notes that Petitioner testified in his own defense at trial and he never mentioned seeing or speaking with Mr. Williams on the night of the murders.[36] Petitioner appears to be second-guessing his trial counsel's decision not to call a witness whose testimony would potentially be in conflict with defendant's testimony. This Court determines that it is appropriate to give defense counsel the benefit of having heard all of the testimony during trial, including that of the defendant, and determining the most effective trial strategy. Additionally, the Court notes that Petitioner's credibility was at issue at trial as his testimony as to his whereabouts on the evening of the murders was directly contradicted by his girlfriend Mallene Dilbert.[37] Having heard that testimony, defense counsel may well have made a strategic decision not to further impugn his client's credibility by calling this witness.

---

[35] *Id.*

[36] State Record, Volume 12 at 506-555.

[37] Petitioner testified that he was home with Ms. Dilbert sometime around 10 pm prior to the murders. Ms. Dilbert testified, several times, that she was at work and didn't arrive home until approximately midnight. *See* State Record, Volume 12 at 506-562.

Petitioner next claims/objects that his trial counsel was ineffective for failing to impeach the state's witnesses, Johnny Perry and Detective Bender. The Magistrate Judge, after a thorough analysis, determined:

> Franklin has simply not met his burden with respect to this claim. Contrary to Franklin's suggestion that his counsel failed to impeach the credibility of Walker, Perry and Bender, a review of the trial transcript shows that defense counsel in fact extensively and effectively cross-examined each of the witnesses and attacked their credibility.[38]

Upon this Court's review of the state record, this Court agrees. Detective Bender was not only extensively cross-examined, but he was questioned specifically, and repeatedly, regarding his seizure, and subsequent testing, of material on the black shirt.[39] Petitioner asserts that trial counsel was ineffective for failing to impeach Detective Bender with witness Johnny Perry's statement regarding the color shirt Petitioner had been wearing. Petitioner fails to mention that Johnny Bender had already testified and been cross-examined extensively on his statement, including his claim that he saw Petitioner wearing his, Johnny Perry's, black clothes on the evening of the murders.[40] Further, a review of trial counsel's cross-examination of Mr. Perry reflects extensive questioning regarding his motives, his interactions with law enforcement following the murders, and his credibility. Petitioner's objection/assertion that trial counsel was ineffective for failing to impeach the law enforcement detective and fact witness specifically with the witness's prior statement is without merit. The Magistrate Judge correctly points out that:

---

[38] R. Doc. 21.
[39] State Record, Volume 11 at 280-313.
[40] State Record, Volume 10 at 99-135.

> Even accepting as true Franklin's claim that Perry told [Detective]
> Bender that Franklin was wearing a gray shirt, and assuming arguendo
> that defense counsel was deficient in failing to cross-examine Perry and
> Bender regarding Perry's statement that Franklin was wearing a grey
> shirt, Franklin has not offered any evidence to demonstrate that this
> failure altered the outcome of his trial. His unsupported speculation is
> insufficient to satisfy the prejudice prong of <u>Strickland</u>.[41]

This Court agrees with that analysis. To fulfill the second prong of *Strickland*, Petitioner must show that any trial counsel deficiency prejudiced the defendant. As will be detailed further within, the evidence fully supported the jury's verdict of guilty.

Finally, Petitioner claims/objects that trial counsel was ineffective for failing to object and move for a mistrial during the State's closing argument. The Magistrate Judge conducted a detailed analysis of Petitioner's claims regarding this issue and the law as it relates to closing arguments. That analysis is exactly on point. "While the prosecution must base its conclusions and deductions in closing arguments upon evidence adduced at trial, both the State and defense are entitled to their own conclusions as to what is established by the evidence, and either may press upon the jury any view arising out of the evidence."[42] Additionally, courts have recognized that "great consideration should be accorded to the good sense and fair-mindedness of jurors who have seen the evidence heard the arguments, and repeatedly been instructed by the trial judge that arguments of counsel are not evidence."[43] Such is

---

[41] R. Doc. 21.

[42] *State v. Jefferson*, 302 So. 3d 567 (La. App. 4th Cir. 2020) quoting *State v. Bailey*, 126 So. 3d 702, 712 (La. App. 4th Cir. 2013).

[43] *State v. Lawrence,* 12-1026, p. 6 (La. App. 4 Cir. 7/3/13), 120 So.3d 812, 817 (citing *State v. Mitchell,* 94-2078, p. 11 (La. 5/21/96), 674 So.2d 250, 258).

the case here. As pointed out by the Magistrate Judge, the trial court instructed the jury that arguments of counsel were not to be considered as evidence in the case, even advising the jury at least twice during the closing arguments, including "Ladies and gentlemen, you consider the evidence, what the evidence is. This is closing argument, This is not evidence."[44]

The state record—specifically, the trial transcript—details the evidence introduced at trial to support the jury's verdict. Specifically, beginning on page six of the Magistrate Judge's Report and Recommendation, the Magistrate Judge details her review of the sufficiency of the evidence to support Petitioner's conviction.[45] She then proceeds to detail the requirements under the law to establish Petitioner's guilt and, after a thorough review of the evidence adduced during the trial, concludes that, "The evidence of Franklin's guilt was strong" and, further in the report, "The evidence of Franklin's guilty was overwhelming."[46] This Court agrees with the Magistrate Judge's review and analysis, finding by its own review that the jury had ample evidence of Petitioner's guilt to render a guilty verdict.

Finally, the Court would be remiss not to point out the extensive participation and questioning by defense counsel in preliminary motions, including motion to suppress identification and motion to suppress evidence hearings, and throughout the trial including during voir dire, cross-examination of witnesses, raising

---

[44] State Record, Volume 12 at 568; *see also* State Record, Volume 12 at 567.
[45] *Id*. at 6.
[46] *Id*. at 45 and 49.

objections, and closing argument at trial, which speaks to the full involvement and effectiveness of trial counsel.[47]

To prove ineffective assistance of counsel under *Strickland,*[48] a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[49] The Court notes that Petitioner did not provide any additional evidence or arguments that were not available and considered by the Magistrate Judge. Further, this Court has determined that Petitioner has not provided any evidence that trial counsel's performance was deficient, thus failing to meet the first prong of *Strickland*. Finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[50] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed

---

[47] State Record, beginning Volume 10 and continuing through Volume 13 of 17.
[48] 466 U.S. at 684-86..
[49] *Id.* at 687.
[50] 28 U.S.C. § 2253(c)(2).

further.[51]   The Court finds that Charles Franklin's Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition of Charles Franklin for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, this 18th day of April, 2022.

**WENDY B. VITTER**
**United States District Court**

---

[51] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).